1

2

3

4

5

6

7

8

9

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | **CASE NO. 1:05-CR-512-AWI** |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE** |
| v. | |
| NICK STERLING, | |
| Defendants. | |

10

11

12

13

14

15

16

17        On May 12, 2006, Defendant Nick Sterling ("Defendant") pled guilty to possession of

18 material involving the sexual exploitation of minors in violation of 18 U.S.C. § 2252(a)(4)(B).

19 Doc. 17. The Court sentenced Defendant to a term of imprisonment of 78 months and a term of

20 supervised release of 120 months. On January 23, 2015, this Court denied Defendant's motion

21 for early termination of supervised release, concluding that the ten-year term of supervised

22 release originally imposed remained reasonable. Doc 27. On February 19, 2016, Defendant filed

23 a second motion for early termination of supervised release. Doc. 29.

24        After considering a subset of the factors to be considered in imposing a sentence, set forth

25 in 18 U.S.C. § 3553(a), a district court may "terminate a term of supervised release and discharge

26 the defendant at any time after expiration of one year of supervised release … if it is satisfied

27 that such action is warranted by the conduct of the defendant released and the interest of justice."

28 18 U.S.C. § 3583(e)(1); *see* 18 U.S.C. § 3553(a); U.S.S.G. § 5D1.2, n.5. Section 3583(e) affords

1    district courts "broad discretion in determining whether to grant a motion to terminate supervised

2    release." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).

3          The Court has again reviewed the record, including the presentence report, and the

4    considered (1) the nature and circumstances of the offense and the history and characteristics of

5    the defendant, (2) the need of the sentence imposed to afford adequate deterrence, protect the

6    public, and provide care and treatment to the defend, (3) the kinds of sentence and sentencing

7    range established for the category of offense committed, (4) the policy statement recommending

8    the statutory maximum term of supervised release for sex offenses recommended by U.S.S.G. §

9    5D1.2, and (5) the need to avoid unwarranted sentence disparities among defendants convicted

10   of similar offenses. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and

11   (a)(6).

12          The Court would specifically note the possible lifetime term of supervised release that

13   can be and often is imposed in cases like this. 18 U.S.C. ¶ 3583(k) ("[T]he authorized term of

14   supervised release for [an] offense under section … 2252 is any term of years not less than 5, or

15   life."); *see e.g., United States v. Collins¸*684 F.3d 873, 888 (9th Cir. 2012). The ten-year term of

16   supervised release initially imposed continues to serve the interests of deterrence and protection

17   of the public, continues to be reasonable in light of the sentencing range established for similar

18   offenses, and is, in fact, less than the term of supervised release recommended by the applicable

19   policy statement. The age of the defendant, his contacts with his family and the community, and

20   his commitment to compliance with the law, although admirable, are inadequate to sway the

21   Court. The interest of justice does not weigh in favor of early termination of supervised release.

22          Based on the foregoing, IT IS HEREBY ORDERED that Defendant's motion for early

23   termination of supervised release is DENIED.

24

25   IT IS SO ORDERED.

26   Dated:   November 18, 2016        _____

                                        SENIOR  DISTRICT  JUDGE

27

28